# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        Plaintiff,

  v.                                               Case No. 04-CR-85

**JUAN RODRIGUEZ,**
        Defendant.

## ORDER

### I. FACTS AND BACKGROUND

Defendant Juan Rodriguez filed a motion for return of property pursuant to Fed. R. Crim. P. 41(g), stating that upon his arrest law enforcement officers seized various items of personal property, which were not returned to him. He further stated that, so far as he knew, the items had not been forfeited by the government.

The government responded with the affidavit of Milwaukee County Sheriff's Department Detective Fernando Santiago, who arrested defendant. Santiago stated that, according to County records, defendant had certain property when he was booked into the County jail on March 31, 2004. The records further indicate that defendant was provided with a property receipt, which contains an admonishment that his property would be destroyed if not claimed within 10 days of his release. The County's records also indicate that on April 1, 2004, defendant's key ring was released to Carmen Rodriguez and the remainder of the items released to defendant on April 2, 2004. Santiago avers that when he transported defendant from the County jail to the federal courthouse for his arraignment in the instant case on April 2, defendant had no items of personal property. Deputy Marshal

Chris Hoover, who is in charge of the Marshal cell block, also avers that defendant had no items of personal property when he was taken into federal custody on April 2, 2004. Hoover further states that as a matter of policy the Marshal does not retain any personal property of a prisoner.

Despite being afforded an opportunity to submit evidence in opposition, defendant has failed to do so.

## II. DISCUSSION

Rule 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

A post-conviction motion under Rule 41 is treated as a civil equitable proceeding for the return of the property. United States v. Solis, 108 F.3d 722, 722 (7th Cir. 1997); see also Chairez v. United States, 355 F.3d 1099, 1100 (7th Cir. 2004).

The undisputed evidence demonstrates that the government was never in possession of defendant's property. Therefore, "it is not the appropriate party from which to request its return." Solis, 108 F.3d at 723; see also Okoro v. Callaghan, 324 F.3d 488, 490-92 (7th Cir. 2003) ("Since in the usual case the only relief sought by the Rule 41(g) motion is return of the property by the government, the fact that the government doesn't have it is ordinarily a conclusive ground for denial of the motion.").[1]

---

[1] To the extent that defendant's property may have been destroyed, Rule 41 is not a proper means of obtaining restitution. In re Search of 2847 E. Higgins Rd., 390 F.3d 964,

2

Defendant is free to seek relief from County authorities, as explained in Santiago's affidavit. His request to add the "Milwaukee County Jail" as a party to this proceeding is denied as futile because Rule 41(g) does not give me jurisdiction to adjudicate a claim against that entity.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motions for return of property (R. 29) and to add a third party (R. 32) are **DENIED**.

Dated at Milwaukee, Wisconsin, this 1st day of June, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

967 (7th Cir. 2004).